IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT HARSH,

    Plaintiff,

vs.                                          Civil Action 2:09-CV-39
                                               Judge Sargus
                                               Magistrate Judge King

CHILLICOTHE CORRECTIONAL
INSTITUTE, et al.,

    Defendants.

## ORDER

On February 18, 2009, the United States Magistrate Judge issued an *Order and Report and Recommendation* granting plaintiff's application for leave to proceed *in forma pauperis* but recommending that plaintiff's request that he be permitted to proceed as a "non-prisoner" be denied. Doc. No. 5. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

Recognizing that a prisoner is required to pay the full filing fee as funds become available, *Report and Recommendation*, p.1, n.1, the United States Magistrate Judge nevertheless concluded that plaintiff, a state inmate, is a prisoner within the statutory definition of 28 U.S.C. §1915(h). *Id.* In his objection, plaintiff asserts again that he is indigent and argues that he should not be required to pay the filing fee "now or later" because his claim is meritorious. However, the imposition of the full filing fee on prisoners is a matter of Congressional mandate, not this Court's discretion. Should plaintiff ultimately prevail on his claim, he may seek recovery of his costs in this action, including the filing fee. *See* F.R. Civ. P. 54(d).

Having reviewed, *de novo*, the *Report and Recommendation* and plaintiff's objections, 28 U.S.C. §636(b), the Court **DENIES** plaintiff's objections and hereby **ADOPTS** and **AFFIRMS** the *Report and Recommendation*.

Plaintiff is **ASSESSED** the full amount of the Court's $350.00 filing fee. 28 U.S.C. §1915(b)(1).

Plaintiff's affidavit reveals that he currently possesses an amount insufficient to pay the full filing fee. The custodian of the plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fees of $350.00 have been paid to the Clerk of this Court. 28 U.S.C. §1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to mail a copy of this order to the plaintiff and the prison cashier's office. The Clerk is **FURTHER DIRECTED** to forward a copy of this order to the Court's financial office in Columbus.

The Court will conduct an initial screening of the complaint under 28 U.S.C. §1915A as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the complaint seeks monetary relief from a defendant who is immune from such relief. The Court will then enter an appropriate order and direct service of summons and complaint on the defendant.

3-3-2009
Date

Edmund A. Sargus, Jr.
United States District Judge

2