IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT HARSH,**

      **Plaintiff,**

vs.                                    **Civil Action 2:09-CV-39**
                                          **Judge Sargus**
                                          **Magistrate Judge King**

**CHILLICOTHE CORRECTIONAL
INSTITUTE,** *et al.,*

      **Defendants.**

## ORDER

      Plaintiff, a state prisoner, has been granted leave to proceed in this civil rights action without prepayment of fees or costs. *Order*, #8. Plaintiff was advised that, before the United States Marshal Service could make service of process on the defendants named in the complaint, he would be required to provide a summons, a copy of the complaint and a Marshal service form for each defendant. *Order*, Doc. No. 11. Plaintiff was also reminded that F.R. Civ. P. 4(m) requires the dismissal of the claims asserted against any defendant not served with process within 120 days. *Id.* On July 16, 2009, the United States Magistrate Judge denied, without prejudice, plaintiff's request for the appointment of counsel. *Order*, Doc. No. 16. This matter is now before the Court on plaintiff's motions to reconsider these orders of the United States Magistrate Judge. Doc. Nos. 11, 20.

      In his motion to reconsider the earlier order of the United States Magistrate Judge, plaintiff asserts that he cannot be required to provide copies of the complaint for each defendant because he is indigent and because he has no access to a typewriter or photocopier. He asks that this Court provide the necessary copies or, alternatively, that the Ohio Attorney General absorb the costs of duplication. *Motion to*

*Reconsider*, Doc. No. 12.

The grant of *pauperis* status does not confer a right to free photocopies. *See In re Richard*, 914 F.2d 1526 (6th Cir. 1990); *Hullom v. Kent*, 262 F.2d 862 (6th Cir. 1959); *Brown v. Voorhies*, 2007 WL 2071907 (S.D. Ohio 2007). Because the order of the United States Magistrate Judge is neither clearly erroneous nor contrary to law, *see* 28 U.S.C. §636(b), plaintiff's motion to reconsider that order, Doc. No. 12, is **DENIED**.

However, the Court, in the exercise of its discretion, will grant plaintiff's July 27, 2009, motion asking that the Clerk provide him a time-stamped copy of the complaint. Doc. No. 19. Plaintiff may copy the complaint by hand, and attach copies of any exhibits to each copy. Moreover, plaintiff may amend his complaint to reduce the length and scope of his claims. *See*, F.R. Civ. P. 8(a) (a complaint must provide "a short and plain statement" of the court's jurisdiction and of the claim). Finally, the Court **GRANTS** plaintiff an extension of time -- until September 30, 2009 -- to provide all the documents necessary to enable the United States Marshal Service to effect service of process on each named defendant. Plaintiff's failure to do so may result in the dismissal, without prejudice, of claims asserted against any defendant not so served.

Plaintiff has also objected to the denial, without prejudice, of his request that counsel be appointed for him. Doc. No. 20. Because the order of the United States Magistrate Judge in this regard is neither clearly erroneous nor contrary to law, *see* 28 U.S.C. §636(b), plaintiff's objection to that order, Doc. No. 20, is **DENIED**.

7-30-2009
Date

Edmund A. Sargus, Jr.
United States District Judge

2